**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MATTHEW CLAWSON et ux.** | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| | * | |
| v. | * | Civil Case No. RWT 06-659 |
| | * | |
| **FEDEX GROUND PACKAGE** | * | |
| **SYSTEM, INC.** | * | |
| | * | |
| Defendant | * | |
| | * | |

**MEMORANDUM OPINION**

Plaintiffs Matthew and June Clawson brought this action to recover damages for injuries that Mr. Clawson suffered in an automobile accident on or about May 29, 2002. The complaint was initially filed in the Circuit Court for Prince George's County, Maryland, against both FedEx Ground Package System, Inc. ("FedEx") and Paul Belcher, the driver of the FedEx vehicle that was in the accident with Mr. Clawson. After Belcher was dismissed by stipulation, FedEx removed the case to this Court. The Clawsons advance a number of arguments against removal, most of them without merit, but among them is an important point of removal procedure, the application of which renders untimely the notice of removal. Accordingly, for the reasons that follow, this Court will enter an order remanding the case to the state court.

I

On April 15, 2005, Plaintiffs filed a complaint in the Circuit Court for Prince George's County, Maryland, alleging causes of action for negligence against Defendant Paul Belcher, "agency/vicarious liability and permissive use" against Defendant FedEx, and loss of consortium against both defendants. The Plaintiffs are residents of Pennsylvania; FedEx, of Ohio; and Belcher,

of Maryland. (Paper No. 1; Paper No. 12). FedEx was served with process on April 19, 2005, by certified mail with return receipt. (Paper No. 16, exh. 5). Belcher, apparently, was never served. Proceedings between the Clawsons and FedEx continued for some months in state court—with Belcher not participating—until the parties entered into a joint stipulation on March 6, 2006.

The joint stipulation had three major effects. First, FedEx conceded that Belcher was its agent, and that it was therefore vicariously liable for his actions under the doctrine of respondeat superior. Second, FedEx agreed that "it is more likely than not that driver error on the part of Defendant Belcher was responsible for the subject accident," and thus that it was liable for damages. Finally, the parties jointly agreed to dismiss Belcher from the case. (Paper No. 14, exh. 1).

Only a week later, on March 13, 2006, FedEx removed the case to this Court, alleging that the action "is now one in which this Court has original jurisdiction." Notice of Removal, (Paper No. 1, ¶ 4). There followed a series of pleadings that were neither authorized by statute nor by rule: the Clawsons filed a "Response to Defendants' [sic] Notice of Removal" (Paper No. 10); FedEx filed a "Reply to Plaintiffs' Response to Defendant's Notice of Removal" (Paper No. 11); the Clawsons filed a "Supplemental Response to Defendants' [sic] Notice of Removal" (Paper No. 14); and FedEx filed a "Supplemental Reply to Plaintiffs' Supplemental Response to Defendant's Notice of Removal" (Paper No. 15). After this flurry of pleadings ended, this Court issued an Order on March 28, 2006, in which it construed the first pleading as a timely motion to remand pursuant to 28 U.S.C. § 1447(c). (Paper No. 17).

In compliance with this Court's Order, FedEx filed a response in opposition to the [construed] motion to remand (Paper No. 18), and the Clawsons filed a reply in support of remand (Paper No. 19). FedEx also filed a "supplemental opposition" (Paper No. 20)—effectively a surreply without leave—which the Clawsons have moved to strike (Paper No. 21).

In their various filings, the Clawsons have raised three arguments as to why the case should be remanded. First, they argue that Defendant FedEx failed to state in its Notice of Removal the state in which it is incorporated, and thus that diversity might be lacking. Paper No. 14 (P.'s Supplemental Response to D.'s Notice of Removal), ¶ 1. Second, they argue that the joint stipulation included an implied-in-fact contract not to remove the action to federal court. *Id.* ¶¶ 2–6; Paper No. 10 (P.'s Response to D.'s Notice of Removal). And third, they argue that the removal was untimely. Paper No. 19 (P.'s Repl.). The first of these arguments was rejected by this Court's Order of March 28, 2006. The remaining two will be addressed in turn.

II

Plaintiffs' argument that an implied-in-fact contract bars removal is without merit. Although Plaintiffs correctly cite the law of implied-in-fact contracts, they provide not one iota of evidence that any such contract existed between them and FedEx. More than a vague, unsubstantiated "understanding" is needed to read an additional material term into a written stipulation. *See, e.g.*, *Freeman v. Stanbern Const. Co.*, 106 A.2d 50, 77 (Md. 1954) ("[W]hen contracting parties have discussed and agreed upon their obligations to each other and reduced them to writing, their written contract is more reliable as evidence than memory. All prior and contemporaneous negotiations are merged in the written instrument, which is treated as the exclusive medium for ascertaining the extent of the obligations.").

This Court does not and need not determine the effect of an oral or implied contract not to remove a case to federal court. It is enough, in this case, to observe that absolutely no evidence of such a contract has been presented, and the written joint stipulation—which could easily have included a provision forbidding removal if the parties had so agreed—made no mention of removal at all.

III

The Clawsons' argument that removal was untimely, however, presents a closer case. The Court must first determine whether the argument, which was raised for the first time in the Clawsons' reply in support of their (construed) motion to remand, was waived (or rendered untimely under 28 U.S.C. § 1447) by their failure to raise it earlier. If it reaches the argument on its merits, the Court must then determine when, if ever, FedEx could have removed the case to this Court, and then decide whether its Notice of Removal was timely.

A

A motion to remand on procedural grounds must be filed—or the procedural grounds must be raised *sua sponte*—within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c); *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992). In this case, however, the time limit was satisfied by the Clawsons' timely, if improperly styled, challenge to removal and by this Court's Order of March 28, 2006, both of which were filed within the 30-day window. The purpose of the time limit in § 1447(c) is "to prevent the delay, inefficiency, and unfairness resulting from late-stage, forum-shopping remand motions," *Pierpoint v. Barnes*, 94 F.3d 813, 817 (2d Cir. 1996). Here, there is nothing of the kind. Moreover, although the time limit has been construed both broadly and strictly, *see id.*, it would be unjust to invoke it where, as here, a challenge to removal procedure is raised immediately, the Court promptly directs briefing regarding that challenge, and an argument is raised for the first time in compliance with the briefing order (which effectively cut off the Clawsons' ability to file additional pleadings before FedEx's opposition deadline of April 14, 2006, two days after the 30-day window). Indeed, the parties were put on notice of a possible timeliness problem well before the end of the 30-day window—but after this Court set a briefing schedule—by a memorandum from the state court judge, who appeared for a pretrial conference on March 30,

2006, discovered that the case had been removed and that the parties were not in attendance, and issued a memorandum to them stating that "[t]he undersigned will obviously defer but it appears to the undersigned that the Notice [of removal] is filed far too late[;] however[,] the Federal Court will resolve that issue." Memorandum of Court, Paper No. 19, exh. 2. The Court thus turns to the question of whether, having been raised for the first time in a reply brief, the Clawsons' argument that removal was untimely is waived.

The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered. *See United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006); *see also In re One Bancorp Sec. Litig.*, 143 F.R.D. 4, 10 n.5 (D. Me. 1991) (reply memorandum in federal district court). However, the power to decline consideration of such arguments is discretionary, and courts are not precluded from considering such issues in appropriate circumstances. *See United States v. Head*, 340 F.3d 628, 630 n.4 (8th Cir. 2003) (reaching an issue first raised in a reply brief where the counterarguments were addressed in the opposition); *Curry v. City of Syracuse*, 316 F.3d 324, 330 (2d Cir. 2003) (considering affirmative defense first raised in reply memorandum where surreply was filed addressing the issue); *Weiss v. El Al Isr. Airlines, Ltd.*, No. 04 Civ. 9803, 2006 U.S. Dist. LEXIS 32563, at *29–*30 (S.D.N.Y. May 22, 2006) (reaching an issue first raised in a reply memorandum where opposing party did not seek leave to file a surreply and the failure to consider the new argument would "vest in plaintiffs a right of action that Congress has declined to create").

The concern that the ordinary rule addresses is "that [an] opposing party would be prejudiced by an advocate arguing an issue without an opportunity for the opponent to respond." *Head*, 340 F.3d at 630 n.4. Here, FedEx could and did file a surreply (albeit without leave, although this Court would have granted such leave). Moreover—although this Court is hesitant to reward either

party's lax adherence to the rules of this Court—the posture of this reply memorandum is unusual; it was effectively the Clawsons' first opportunity to brief the issues, as their motion to remand was in the form of an improper and summary "response" to a notice of removal. Finally, as mentioned above, the state court judge had put the parties on notice of a timeliness problem. These factors all counsel in favor of considering the Clawsons' timeliness argument, which this Court now addresses on the merits.

B

Whether FedEx's removal of this case was timely is governed by 28 U.S.C. § 1446(b), which provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . . .
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). FedEx's notice of removal was filed within one year of the initial filing of the complaint in state court; thus, the questions that determine its timeliness are (1) whether the action was removable when initially filed, and (2) if not, what the first "amended pleading, motion, order or other paper" was that showed its removability.

FedEx's argument is that the joint stipulation is what rendered the case removable. *See* Paper No. 20. The problem with this argument is that it ignores the first question in 28 U.S.C. § 1446(b): whether the action was removable when filed. 28 U.S.C. § 1441(b) provides that diversity actions are removable "only if none of the parties in interest properly joined <u>and served</u> as

defendants is a citizen of the State in which such action is brought" (emphasis added); because Belcher was never "properly joined and served," his Maryland citizenship was never an obstacle to removal. Thus, the second paragraph of § 1446(b)—the second question above—is irrelevant; "the case stated by the initial pleading" was removable, unless and until Belcher was served, something that never occurred.

This result, though at first counterintuitive, arises because the diversity and removal statutes treat actions in which the parties are not completely diverse differently from actions in which a party is a citizen of the forum state. *See generally* WRIGHT, MILLER, & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3723, at 623–25. Even with Belcher, there was complete diversity, because the Clawsons are citizens of Pennsylvania, Belcher is a citizen of Maryland, and FedEx is a citizen of Ohio (and because the amount in controversy requirement is met). Thus, this is an action over which this Court "ha[s] original jurisdiction." *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1332. The barrier to removal comes only from § 1441(b) which precludes removal where a properly joined <u>and served</u> defendant is a resident of the forum state.

If Belcher had destroyed complete diversity, then his presence would have precluded removal whether or not he had been served, under *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939). However, the presence of a resident defendant in a case (served or unserved) is not a jurisdictional defect. *See Lively v. Wild Oats Mkts., Inc.*, No. 04-56682, 2006 U.S. App. LEXIS 18793, slip op. at 8437–39 (9th Cir. July 27, 2006) (joining eight of nine sister circuits—the Fourth Circuit not having ruled either way—in determining that joinder of a resident defendant in violation of § 1441(b) is not a jurisdictional defect). Thus, federal courts have distinguished *Pullman* and instead followed the rule that unserved defendants may be ignored in determining whether there is unanimous consent to removal, and allowed removal where one or more nonresident defendants wish

to remove and any resident defendants have not been served. *See McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."); *Ott v. Consolidated Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 664–666 & n.3 (S.D. Miss. 2002) (discussing cases).

Under the *Ott* line of cases, as well as the plain language of 28 U.S.C. § 1441(b), this action could have been removed by FedEx from state court at any time after it was filed there so long as Belcher was an unserved defendant. FedEx was, as noted above, served on April 19, 2005. Although joined, Belcher was not then (nor was he ever) served, and the 30-day window of removal thus closed for FedEx on May 18, 2005. FedEx's removal now is therefore untimely, and the Clawsons' motion to remand must be granted.

IV

For the foregoing reasons, by separate order, the Clawsons' motion to remand will be granted, and the case will be remanded to the Circuit Court for Prince George's County, Maryland.

September 11, 2006                          /s/
Date                                         ROGER W. TITUS
                                               UNITED STATES DISTRICT JUDGE